TEAL et al. v. LAKEY. (No. 39.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 2, 1915. Rehearing Denied Jan. 6, 1916.)

1. PLEADING ☞271—ANSWER—VERIFICATION —AMENDMENT.

Where plaintiff moved for judgment on the pleadings because the answer had not been verified, the court may properly allow the answer to be verified by way of amendment and then deny the motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 819; Dec. Dig. ☞271.]

2. PLEADING ☞345 — JUDGMENT ON PLEADINGS.

Where the complaint seeking partition set forth plaintiff's chain of title, the answer which, while admitting that plaintiff was the heir of the deceased owner of the property, averred that the owner made a partition during her lifetime, and that plaintiff received other lands and was not entitled to share in the property claimed, is a sufficient denial of the averments of the complaint to preclude judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. ☞345.]

3. TRIAL ☞403 — FINDINGS OF FACTS AND CONCLUSIONS OF LAW—FILING.

Where plaintiff requested written findings of fact and conclusions of law, and the same, being prepared by defendant and signed by the judge, were presented to plaintiff's counsel within the time allowed, plaintiff's counsel, having neglected to file them with the clerk according to the custom, cannot complain that they were not filed in time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 913, 954–956; Dec. Dig. ☞403.]

4. DESCENT AND DISTRIBUTION ☞93 — ADVANCEMENT—EFFECT.

Where a landowner distributed her property before her death among her children, and plaintiff received and accepted her share, the transaction was an advancement, and plaintiff could

not thereafter claim a share in the remaining property.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 389; Dec. Dig. &⚍; 93.]

Appeal from District Court, Hardin County; J. Llewellyn, Judge.

Action by Teresa Ann Teal and husband against S. F. Lakey. From a judgment for defendant, plaintiffs appeal. Affirmed.

B. L. Aycock and A. M. Hill, both of Kountz, for appellants. Coe & Coe and Singleton & Nall, all of Kountz, for appellee.

CONLEY, C. J. This was a suit by the appellant Teresa Ann Teal, who was joined pro forma by her husband, William Teal, against S. F. Lakey, to recover the possession of and to partition an alleged undivided one-fifth interest out of 32 acres of land, a part of the Winnie Robinson 160-acre homestead tract in the Alfred Ellis league, in Hardin county, Tex. The case was tried by the court, without the intervention of a jury, and a judgment rendered that the plaintiff take nothing, and refusing partition of the land, from which judgment plaintiff below perfected an appeal.

[1] Appellant's first assignment of error attacks the judgment of the court in not rendering judgment for the plaintiff on the pleadings in response to her request made in the court below, on account of defendant's answer not having been verified in accordance with the statute. When this request was made by the appellant, defendant asked permission of the court to amend the answer by verifying it under oath, and, the court having granted such permission, the answer was amended accordingly. There is no merit in this assignment of error, and it is overruled.

[2] Appellant's second assignment of error attacks the action of the court in refusing her request below to render judgment on the pleadings by confession as to paragraphs 2, 3, 4, and 6 of the amended petition, because the defendant in his answer had not denied the allegations therein contained. Paragraph 2 of the amended original petition describes the land. There is no issue of dispute of any kind arising on the description of the land. Paragraph 3 undertakes to plead plaintiff's title. It, in substance, alleges that Winnie Robinson, the mother of appellant, died in February, 1909, leaving five children, and that plaintiff inherited a one-fifth interest, and the other interests of the other heirs plaintiff alleges upon information and belief to have been acquired by the defendant. Paragraph 4 describes the improvements, and states the value of the land and such improvements. Paragraph 5 states the rental value of the land, and that the defendant has had the exclusive use and benefit of same. Paragraph 6 alleges, in substance, that defendant refused to make partition, and that she believes partition can be had without the intervention of commissioners.

An inspection of defendant's answer shows that in paragraph 3 it is alleged:

"That it was not guilty of the wrongs, injuries, and trespasses complained of it in the petition filed by the said plaintiff against him, and of this he puts himself upon the country."

Paragraph 4 of the answer makes the following allegation:

"And further answering this defendant says that it is not true, as alleged by said plaintiff, that the said Teresa Ann Teal is the owner of one-fifth or any other part of the land and premises described in said petition, as an heir of her mother, Winnie Robinson, deceased. But this defendant alleges the fact to be that in her lifetime the said Winnie Robinson, a feme sole, owned in her own right 160 acres of land, a part of the Alfred Ellis league in Hardin county, Tex., known as the Winnie Robinson 160-acre survey; and that the said Winnie Robinson, about 1902, decided to partition said land among her five children, and to this end caused said 160 acres of land to be surveyed and subdivided into five parts, consisting of 32 acres each, for the purposes of partition; and that in pursuance of such purpose, the said Winnie Robinson, on the 18th day of June, 1902, executed and delivered to the plaintiffs a general warranty deed to 32 acres of land, which the said Teresa Ann Teal, a daughter and heir of said Winnie Robinson, received and accepted as her full share and interest in said 160 acres of land; that in said deed there is expressed a cash consideration of $100, cash in hand paid for the land, and this defendant avers that said consideration so expressed in said deed was not and is not the true consideration for the execution and delivery of said deed; that no money or other consideration was paid by said plaintiff for said land, but that the same was so conveyed to them by the said Winnie Robinson for the purpose of partition and for no other purpose; and so defendant alleges that by reason of the premises, and in accepting said deed, the said Teresa Ann Teal is estopped to claim any other or further interest in said land, and especially that portion thereof now owned and occupied by this defendant, and described in plaintiff's said petition."

We find no error in the court's ruling on these matters, and the second assignment is therefore overruled.

[3] Appellant's third assignment of error attacks the failure of the court to file its findings of fact and conclusions of law within the time required by statute.

It appears from the record that judgment in this case was entered on the 21st day of April, 1915. On April 30, 1915, plaintiff filed request for such findings of fact and conclusions of law. The court adjourned on April 30, 1915. There are no findings of fact and conclusions of law regularly in the record, but the court attaches the same to plaintiff's bill of exception No. 2, under a qualification and explanation he made in approving said bill.

Plaintiff's bill, together with the court's qualification thereon, is as follows:

"Be it remembered that after the court overruled the plaintiff's motion for new trial and to set aside the judgment on the day of adjournment of court, to wit, April 30, 1915, which being overruled, the plaintiff requested the court by written motion to file the conclusions of fact and of law on which the judgment was based, and which motion was duly granted, and now

on the 11th day of May, 1915, no findings of fact and conclusions of law having been filed in the cause, and, the clerk having so certified in taking up the matter of making out a transcript, plaintiffs pray the court to grant this bill of exception to such failure to file such paper in the record, and the bill is granted and the clerk ordered to file this bill in the record.

"[Signed]	J. Llewellyn, Judge Presiding.

"This is to certify that no findings of fact and conclusions of law appear to have been filed in the above styled and numbered cause on the 11th day of May, 1915.

"W. G. Woodard, District Clerk,
"[Seal.]		Hardin County, Texas.

"The above bill is qualified as follows:

"I requested defendant's counsel to prepare for me the findings of fact and conclusions in question. This was done, and I adopted and signed the findings and conclusions as prepared, which are attached to and made a part of this bill. This paper was returned to Mr. T. B. Coe, of counsel for defendant, who caused same to be handed on the same day, so he states, to Hon. B. L. Aycock, of counsel for plaintiffs. This occurred less than ten days after adjournment of court, some four or five days after adjournment, according to statement of Mr. Aycock."

There appears in the record an affidavit of appellant's counsel, in which he admits the statement made by the court in qualifying the bill, but says he mistook the instrument which was given him to be a copy and not the original instrument, and that he did not discover it was the original instrument until after ten days had expired in which it should have been filed under the law.

We are at a loss to understand why appellant's counsel or the court, under such circumstances, should be charged with the mistake of appellant's counsel in not discovering that the instrument given him was the original findings of fact and conclusions of law. It is the universal custom for the court to sign the findings of fact and conclusions of law, and then either to personally deliver the same to counsel for the party requesting the same, or to send them to him, and he then in turn, after an examination, files them with the clerk or makes further request to the court on the subject-matter.

To allow this assignment of error would in substance be permitting appellant to take advantage of his own delinquency, and this the court does not feel justified in doing. The third assignment of error is therefore overruled, and the court will consider the findings of fact and conclusions of law. They are as follows:

"Findings of Fact.

"(1) I find that Winnie Robinson, who died in 1909, left surviving her the plaintiff Teresa Ann Teal, a daughter, Mrs. Franklin, her daughter, W. N. Robinson, a son, the several Reed children of a deceased daughter, and —— Word, a grandson, as her heirs.

"(2) That prior to her death the said Winnie Robinson, who owned 160 acres of land in Hardin county, Tex., on which she resided, as a homestead, had deeded to the plaintiff Teresa Ann Teal 32 acres of said 160-acre tract as the distributive share of the said Teresa Ann Teal of said 160 acres of land, and that said Teresa Ann Teal accepted the deed to the said 32 acres of land and went upon the land and has resided there ever since.

"(3) That while the deed to said Teresa Ann Teal recited a cash consideration of $100, that in fact nothing was paid by said Teresa Ann Teal for said land, but the same was given to her by her said mother and accepted by her as her expected share of real estate then vested in her said mother.

"(4) I find that the 32 acres described in plaintiff's petition, and which she seeks to have partitioned between herself and defendant, was the 32 acres intended by the said Winnie Robinson to go to her daughter Mrs. Franklin, and which has since the death of said Winnie Robinson been treated by all the heirs except Teresa Ann Teal as the property of Mrs. Franklin.

"(5) I find that said Teresa Ann Teal has no interest in the 32 acres described in her petition, having before the death of her mother received her full share of real estate belonging to her said mother.

"Conclusions of Law.

"Upon the foregoing findings of fact I conclude that the plaintiffs in this suit are not entitled to recover anything and are liable for the costs incurred in this action and have given judgment accordingly."

[4] Appellant attacks the conclusion of the court, and insists that the doctrine of estoppel against a married woman is no defense of appellant's suit, and that the findings show that the judgment of the court is erroneous, in that it is based on a parol will of Winnie Robinson.

In this case the court found—and there is no objection to such finding upon the part of the appellant—that the property she acquired from her mother under the deed mentioned was in truth not a purchase, but her share of the 160-acre tract given to her by her mother in furtherance of a purpose to settle and partition the estate among her children, and was accepted by her as such. Under such circumstances, she is not entitled to any other interest in the 160 acres. This was an advancement. Holliday v. White, 33 Tex. 448.

The third assignment is therefore overruled, and the judgment of the trial court is affirmed.

Affirmed.